262 P.2d 488

**RASMUSSEN et al. v. DAVIS et al.**

No. 7987.

Supreme Court of Utah.

Oct. 27, 1953.

Don Mack Dalton, American Fork, Elias Hansen, Salt Lake City, for appellants.

Don V. Tibbs and Dilworth Woolley, Manti, for respondents.

HENRIOD, Justice.

Appeal from a judgment on motion to dismiss plaintiffs' amended cause of action for alleged 1) deceit and 2) breach of an agreement substituting for or "rescinding" a contract of sale of a dairy farm. Affirmed, no costs awarded.

The original contract set a $32,000 price, payable $8,000 down, $5,000 in 9½ months, evidenced by a note secured by chattel mortgage, with $3,000 annual payments thereafter. Plaintiffs sought to 1) delete the forfeiture clause as being against public policy and to 2) recover $25,000 damages for alleged deceit as to the farm's assets and character. Defendants denied and retaliated with 3 counterclaims founded on the contract, including a claim to the $8,000 as liquidated damages for breach, or for foreclosure of the chattel mortgage, if the contract persisted. Pending suit, the litigants, without benefit of their already employed and most able counsel, entered into an oral agreement, the terms of which are a subject of this appeal. Though the parties speak of the agreement as one "re-scinding" the old contract, it really did not look toward placing the parties in status quo as is the case with a true rescission, but toward settling differences between the parties as to personal property of defendants sold by plaintiffs, use and occupation of the premises, and the like. Plaintiffs filed an amended complaint and as paraphrased in plaintiffs' brief, "alleged that by the terms of the rescission, the attorneys for the parties were to agree upon the division of the $8,000 and if they were unable to agree, the same should be determined by the court."

All agreed that plaintiffs were to give defendants hay and sheep for equipment plaintiffs sold without authority, which was accomplished; that defendants should deliver up and cancel the note and chattel mortgage, which defendants offered to do and which the trial court found in effect had been done, with which finding we agree, instructing that judgment be entered accordingly, if necessary; that plaintiffs vacate the premises, which they did. Pleading and proof indicate that the parties, for a consideration, had deserted assertable claims under the previous contract, seeking refuge under a substituted contract, of which the $8,000 was a disputed but nonetheless integral part. Therefore any question of forfeiture under the old contract became moot.

Examination of the record convinces us that the court did not err in concluding that plaintiffs had not established a jury case as to the deceit. Nor did they es-

tablish an agreement for the return of any part of the $8,000. Plaintiffs proved otherwise by testifying that defendants had repeatedly refused to return or agree to return any of such amount, leaving no choice in the minds of reasonable men but to conclude there was no such agreement, and leaving the court no alternative but to determine as a matter of law that plaintiffs had failed to sustain their burden of proving such an agreement. It follows that no reversion could be had to an admittedly abandoned contract for relief under an alleged unenforceable forfeiture provision.

█ The trial court took the position that the parties had settled their difficulties, but entered findings and based its judgment, among other. things, upon the terms of the original contract, resulting in what we believe was error in granting a motion to dismiss based on the grounds that plaintiffs had not stated a cause upon which relief could be granted.[1] Plaintiffs *did* state a recoverable claim had they been able to prove it. The decision, however, would have been correct on motion for directed verdict. We feel constrained therefore, to affirm, in the light of our accepted policy. of so doing if the conclusion reached, though based on incorrect reasons, is in fact correct for some other reason.[2]

█ Plaintiffs urge error in sustaining a hearsay objection to a question calling for a conversation between one of the plaintiffs and one of defendants, not in the presence of the witness. Plaintiffs assert here for the first time that the answer was admissible as an exception to the hearsay rule, being a "verbal act" admissible irrespective of the answer's accuracy or its hearsay nature. No proffer was made under any exception to the hearsay rule and any error, therefore, was waived.[3]

█ Since the lower court may have erred technically in its ruling, absent which plaintiffs may not have appealed, we award no costs.

McDONOUGH and CROCKETT, JJ., concur.

WOLFE, Chief Justice (dissenting).

I dissent. The theory of the plaintiffs upon which they went to trial is set out in their Amended and Supplemental Complaint as follows:

"11. That * * * the plaintiff, Kenneth Rasmussen and the defendant, Neal G. Davis met and entered into an oral agreement whereby the plaintiff, Kenneth Rasmussen returned to the defendant, Neal G. Davis, the possession of the real and personal property that he the plaintiff, Kenneth Rasmussen had theretofore received from the

1. Rule 41(b), U.R.C.P.

2. Sullivan v. Beneficial Life Ins. Co., 1937, 91 Utah 405, 64 P.2d 351; 5 C.J.S., Appeal and Error, § 1849, page 1334.

3. Wigmore, Evidence, Vol. L, Sec. 18, p. 321.

defendant, Neal G. Davis, except certain farming equipment that had been disposed of by the said Kenneth Rasmussen, and in lieu of returning said personal property, the said plaintiff, Kenneth Rasmussen, delivered to the defendant, Neal G. Davis some hay and sheep which the defendant, Neal G. Davis, accepted in lieu of the farming equipment that was not delivered and in the manner above mentioned the above mentioned contract between the plaintiffs and defendants was rescinded *except as to the $8000.00 which the plaintiffs paid to the defendants at the time the above mentioned written contract was entered into.*

"12. That the plaintiff, Kenneth Rasmussen and the defendant, Neal G. Davis, *agreed* that the defendant, Neal G. Davis, should retain sufficient of the $8000.00 to reimburse him for the rental of the premises during the time that plaintiffs had possession thereof and any damage that might have been done to said premises and personal property while plaintiffs were in possession of the same, and that the plaintiff, Kenneth Rasmussen would get in contact with his attorneys in an attempt to get an agreement with the defendants as to the amount of the $8000.00 that was paid on the above mentioned contact between plaintiffs and defendants that should be retained by the defendants as rental and damages.

"13. That the defendants and plaintiffs have been unable to reach any agreement as to the amount of the $8000.00 that should be retained by the defendants and on the contrary, the defendants have refused and continues (sic) to refuse to return any part of the $8000.00 to the plaintiff. That the sum of $2000.00 is ample to reinburse the defendants for the rental of the real and personal property mentioned : in the contract, and for any damage · that may have been done to such property during the time the same was in the possession of the plaintiffs.

"Wherefore plaintiffs pray judgment against the defendants for the sum of $6000.00 together with their costs herein expended." (Italics added.)

In answer to the plaintiffs' Amended and Supplemental Complaint, the defendants claimed that the written contract "was by the defendants rescinded for the breach thereof by the plaintiffs and the parties agreed, as part of their settlement of their accounts for the damages which defendants had sustained, that defendants should have the right to keep the $8,000 which had been paid."

The issue between the parties was thus sharply drawn: Did the parties in their settlement negotiations come to any agreement as to the disposition of the $8,000 down payment?

The plaintiffs' evidence did not support their claim that the parties *agreed* that the

defendants should keep sufficient of the $8,-000 to pay them rental for the premises during the time that the plaintiffs were in possession thereof and to pay them for any damage inflicted on the premises by the plaintiffs, and that the balance of the $8,-000 should be returned to the plaintiffs. The testimony of the plaintiff, Kenneth Rasmussen, was to the effect that he and the defendant, Neal G. Davis, settled all their differences except the disposition of the $8,000 down payment; that Davis steadfastly refused to give back any part of the $8,000 and threatened Rasmussen that if he did not move off the farm so that Davis could sell it to another party, Davis would sue him for "a lot more than $8000."; that Rasmussen insisted part of the $8,000 be returned to him; and that the plaintiffs moved from the farm but made no agreement as to the disposition of the $8,-000 held by the defendants.

The majority opinion holds that because the plaintiffs failed to establish an agreement on the part of the defendants to return the $8,000 or any part thereof to the plaintiffs, the defendants are under no obligation to return it. This holding is bottomed on the erroneous conception that the parties got together and made a so-called rescission of the *entire* agreement. That is, of course, the defendants' theory, but in their amended complaint the plaintiffs allege that the parties settled their differences except the disposition of the $8,000. Mr. Rasmussen's testimony supports that allegation. According to Mr. Rasmussen,

the parties at no time got together and cancelled or "rescinded" the written contract in toto as the majority opinion would lead us to believe. Instead, over a series of conversations, they settled their differences one by one, except the disposition of the $8,000. They agreed that the $5,000 note due on January 1, 1952, should be cancelled; that the plaintiffs should move from the farm; after considerable negotiation they agreed that the plaintiffs should give the defendants certain hay and sheep for the machinery which the plaintiffs had sold from the farm. Finally, all their differences were settled except the disposition of the $8,000. No agreement in that regard could be reached, and consequently it remained for the trial court to settle. I cannot follow the reasoning of the majority opinion that because the plaintiffs could not prove an agreement on the part of the defendants to return the $8,000, they can now keep it. That cannot be so in the absence of an agreement between the parties to that effect. Since the plaintiffs emphatically denied that they ever agreed that the defendants should keep it, the court erred in dismissing the plaintiffs' action at the close of the presentation of their evidence.

I would remand the case for further proceedings to determine what part of the $8,-000 the defendants are entitled to retain as damages sustained by them.

WADE, J., concurs with the views expressed in the dissenting opinion of WOLFE, C. J.